FILED
2011 Sep-26  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **PRISCILLA ELLISON,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:10-CV-00508-RDP |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,** | } |
| **Defendant.** | } |

## MEMORANDUM OF DECISION

Plaintiff Priscilla Ellison brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act") seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Based upon the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied proper legal standards. Therefore, the Commissioner's decision is due to be affirmed.

### I. Proceedings Below

This appeal arises from Plaintiff's applications for a period of disability, DIB, and SSI filed protectively on July 25, 2007, alleging disability beginning December 15, 2006. (Tr. 45, 62). Plaintiff's applications were denied on September 13, 2007. (Tr. 27). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on September 18, 2007. (Tr. 34). Plaintiff's request was granted and ALJ Patrick R. Digby conducted the hearing on August 5,

2009 via video teleconference from his office in Florence, Alabama. (Tr. 454-76). Plaintiff appeared in person at the hearing in Huntsville, Alabama, along with counsel Taylor Dobbs and Martha Daniel, a vocational expert ("VE").

In his decision dated September 17, 2009, the ALJ determined that Plaintiff had met the insured status requirements of the Act through December 31, 2011 (Tr. 15, 17), and that Plaintiff suffers from the severe impairments of degenerative disk disease, degenerative joint disease, and history of bowel resection. 20 C.F.R. §§ 404.1520(c), 416.920(c). (Tr. 17). However, the ALJ also determined that Plaintiff does not have an impairment (or combination of impairments) that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1. (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 19). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act, and thus not eligible for benefits. (Tr. 24).

On January 15, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making that decision the final decision of the Commissioner, and, therefore, a proper subject of this court's review. 42 U.S.C. § 405(g).

At the time of the hearing, Plaintiff was 53 years old and had completed a bachelor's degree. (Tr. 459-60). Plaintiff had previously worked as an administrative support representative, assembler, desk clerk at a motel, deli worker, sales clerk, office cleaner, and performed data entry. (Tr. 68, 470-71). Plaintiff alleges limitations based upon several conditions, specifically: back and neck problems with a history of back surgeries; digestive issues including severe diarrhea; a history of bowel resection; stomach problems, and an overactive bladder. (Tr. 67, 272). Plaintiff contends that she is unable to work due to back problems, neck pain and the

resulting difficulty moving her head, and digestive/excretory problems and the resulting hours she must spend in the restroom. (Tr. 463-64).

Plaintiff has had several back surgeries, including three previous laminectomies, performed sometime prior to April 30, 2002 (Tr. 127, 129, 272), a lumbar fusion of the L4-5 and L5-S1 done on May 20, 2002 (Tr. 137), with subsequent hardware removal occurring June 17, 2002 and October 28, 2002. (Tr. 131-32, 272). An x-ray of Plaintiff's L-spine-interbody fusion at L4-5 and L5-S1 made in December 2003 indicated solid healing with only minor arthritic changes at L3-4. (Tr. 115). On March 1, 2004, Plaintiff underwent an anterior cervical diskectomy of C-5, 6, and C-6, 7. (Tr. 151). She also received an anterior cervical fusion with allograft. (*Id.*). An x-ray preformed on December 2, 2005 showed some hardware loosening and possible need of revision. (Tr. 167).

In January 2007, after complaining of chronic pelvic pain a benign mass was removed from Plaintiff's small intestine. (Tr. 189, 191). Later that month, Plaintiff complained of abdominal pain and was diagnosed with a small bowel adhesion with internal hernia. (Tr. 226). Plaintiff then had surgery to remove a portion of her small bowel and her appendix was also removed. (Tr. 228).

A consultative examination was attempted by Dr. John Lary on September 10, 2007. (Tr. 262-71). Dr. Lary noted Plaintiff was wearing a soft cervical collar that she reported she was told to wear by her doctor until she could have another neck operation. (Tr. 263). She was also walking with crutches due to right leg pain and weakness, but conceded she had not seen a doctor about this right leg pain and weakness complaint. (Tr. 263). Plaintiff complained of severe pain on passive range of motion testing of her right lower extremities, so this was not

3

tested. (Tr. 265). Also, Plaintiff was unable to walk without crutches, unable to walk on her heels or toes, and was unable to squat. (*Id*.). Based on this partial examination, Dr. Lary determined Plaintiff was "significantly impaired" in her ability to sit, stand, walk, lift, carry, bend, squat, and reach. (Tr. 266). However, due to Plaintiff's lack of cooperation in removing the cervical collar or attempting range of motion exercises, it was determined that the consultative examination results provided insufficient information necessary to make a determination as to her claims. (Tr. 272).

A second advisory consultative examination was performed by Dr. Kyle Timmerman on September 9, 2008. (Tr. 305-12.).  Dr. Timmerman concluded that Plaintiff's assertions of restrictions secondary to back and neck pain appeared to be partially credible. (Tr. 310). Dr. Timmerman noted that Plaintiff had been only minimally cooperative with consultative exams in the past and her reports of significant, day-to-day restrictions were in conflict with (*i.e.*, in excess of) the information contained in her file. (*Id*.). Furthermore, her history of diarrhea was not confirmed in the medical file. (*Id*.). Dr. Timmerman concluded that Plaintiff's ability to do some work related activities would be limited to lifting 10 pounds occasionally and/or frequently; standing and/or walking for at least 2 hours in an 8-hour workday; sitting about 6 hours in an 8-hour workday; with pushing and/or pulling limited in her upper extremities. (Tr. 306). Dr. Timmerman further concluded that Plaintiff could climb, balance, stoop, kneel, crouch, and crawl occasionally, and the only manipulative limitation would be when reaching in all directions, including overhead due to neck pathology. (Tr. 307-08). Additionally, Dr. Timmerman concluded that Plaintiff should avoid concentration to extreme cold and vibration due to the environmental limitations Plaintiff's conditions impose. ( Tr. 309).

## II.  ALJ Decision

Disability under the Act is determined under a five-step analysis. 20 C.F.R. § 404.1 *et. seq*. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is done for pay or profit. 20 C.F.R. § 404.1572(b). If the claimant engages in gainful work activity, then the claimant cannot claim disability. Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits their ability to perform basic work activities. Absent such an impairment, the claimant may not claim disability. Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, the claimant is declared disabled.

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. If it is determined that the claimant is capable of performing past relevant work, then she is deemed not disabled.

If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. In the last part of the analysis, the ALJ must determine

whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1512(g), 404.1560(c).

Here, the ALJ determined that Plaintiff: (1) did not engage in substantial gainful activity during the time of her alleged disability; (2) does have medically determinable impairments that more than minimally affect her ability to perform work-related activities; but (3) does not have and impairment (or combination of impairments) that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1; and (4) is unable to perform any past relevant work. (Tr. 22, 23).

After consideration of all the medical evidence, the ALJ found that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations: occasionally/frequently lift/carry/pull 10 pounds; stand and/or walk, with normal breaks, for 2 hours in an 8-hour workday; sit, with normal breaks, for 6 hours in an 8-hour workday; occasionally (1/3 of the day) climb ramps/ladders/stairs/scaffolds, balance, stoop, kneel, crouch, and crawl; would have manipulative limitations reaching in all directions, overhead activity would by limited to frequently;[1] and should avoid concentrated exposure to extreme cold and vibrations. (Tr. 19). The ALJ further found Plaintiff would need to wear

---

[1] The ALJ incorrectly described the overhead restrictions determined by Dr. Timmerman. (Tr. 19, finding no. 5). What Dr. Timmerman actually determined was that Plaintiff's overhead activities would be "restricted" due to neck pathology – not "limited to frequently" as recited by the ALJ. (Tr. 305).

6

incontinence pads and have access to the bathroom every 2 to 2-1/4 hours. (*Id.*). Although the ALJ found that Plaintiff is unable to perform her past relevant work, he concluded that there are a significant number of sedentary jobs in the national economy that comply with these restrictions that Plaintiff could perform. (Tr. 23). Therefore, the ALJ concluded that Plaintiff is not disabled as understood under the Act, and thus not entitled to a period of disability, DIB, or SSI. (Tr. 24). It is the credibility of Plaintiff's suggestive complaints of pain that are at issue in this appeal.

### III.  Plaintiff's Argument for Remand or Reversal

Plaintiff presents a single argument for reversing the decision of the ALJ. (Pl.'s Mem. 8). Plaintiff asserts that the Commissioner erred by not properly evaluating the credibility of her complaints of pain consistent with the Eleventh Circuit Pain Standard. (*Id.*). This argument will be addressed in two separate categories. First, as Plaintiff's subjective complaints of pain do not comport with her RFC evaluation, the court must review the ALJ's credibility determinations related to her assertions of pain. And, in order to determine if Plaintiff's credibility was correctly analyzed, we must determine if the ALJ correctly determined her RFC in compliance with the standards. Second, the court must evaluate Plaintiff's subjective claims based on the Eleventh Circuit's Pain Standard.

### IV.  Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42

U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

A. **The ALJ Correctly Determined that Plaintiff Retains the Residual Functional Capacity to Perform Jobs at the Sedentary Exertional Level That Exist in Significant Numbers.**

The ALJ found Plaintiff's subjective pain and limitations are not credible to the extent they are inconsistent with her RFC assessment. (Tr. 20). The RFC assessment is based on all of the relevant evidence and how it relates to a claimant's remaining ability to do work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) *citing* 20 C.F.R. § 404.1545(a). The "determination of residual functional capacity is [well] within the authority of

the ALJ." *Beech v. Apfel,* 100 F.Supp. 2d 1323, 1330 (S.D. Ala. 2000). When assessing Plaintiff's RFC, the ALJ concluded that she could perform work at the sedentary exertional level, with limitations. (Tr. 19, finding no. 5). In making this determination, the ALJ relied on the medical opinion of the State agency medical consultant, Dr. Kyle Timmerman, regarding Plaintiff's limitations. Dr. Timmerman reviewed Plaintiff's medical records and concluded that Plaintiff could do a range of light work. (Tr. 305-12). Plaintiff's physical limitations are consistent with the sedentary RFC level which is defined as lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sedentary work involves sitting, a certain amount of walking and standing—but no more than occasional—is often necessary as well in carrying out job duties. 20 C.F.R. §§ 404.1567(a), 416.967(a). *See Dyer v. Barnhart,* 395 F.3d 1206,1211 (11th Cir. 2005) (internal citations omitted). A review of the ALJ's RFC determination suggests that the ALJ did indeed consider Plaintiff's medical condition as a whole. The ALJ considered Plaintiff's functional limitations as stated by Drs. Murrell, Seymour, Ward, several ER doctors (including Dr. Tao), as well as consulting physicians, Dr. Lary and Dr. Timmerman. The ALJ's consideration of the medical record evidence was not an arbitrary and broad dismissal of evidence,[2] and is supported by substantial evidence in the record. Therefore, the court cannot conclude that the ALJ's RFC assessment was improperly conducted.

---

[2] As a matter of law, an ALJ is not obligated to enumerate every single alleged limitation that he finds. In this jurisdiction, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ decision is not a broad rejection which is not enough to enable [the court] to conclude that [the ALJ] considered her medical condition as a whole." *Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005) (internal citation omitted).

**B.     The ALJ Properly Evaluated the Credibility of Plaintiff's Complaints of Pain Consistent with the Eleventh Circuit Pain Standard and It Is Supported by Substantial Evidence.**

Plaintiff also argues that the ALJ did not properly assess her credibility relating to her complaints of pain consistent with the Eleventh Circuit's pain standard. (Pl.'s Mem. 8). In particular, Plaintiff contends that the ALJ's findings were improper since the findings were not supported by actual evidence. (Pl.'s Mem. 8). Plaintiff contends that the medical records are replete with her complaints of, and treatment for, what was described as severe diarrhea and pain of the hand, back, and neck. (Pl.'s Mem. 8). Plaintiff claims that the ALJ also did not consider the fact that she was no longer able to afford medical treatment because of the loss of her insurance. (Pl.'s Mem. 9). These claims, however, are off the mark.

The Eleventh Circuit has established a three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms. The standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553,1560 (11th Cir. 1995); *see Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991).

If a claimant testifies as to her subjective complaints of disabling pain and the ALJ decides not to credit such testimony, the ALJ "must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations." *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005); *see also Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991), *Foote v. Chater,* 67 F.3d 1553, 1561-62 (11th Cir. 1995). Failure to articulate the reasons for discrediting subjective

pain testimony requires that the testimony be accepted as true. *Holt*, 921 F.2d at 1223; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

In this case, the ALJ determined that Plaintiff had "medically determinable impairments [that] could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [her] . . . residual functional capacity assessment." (Tr. 20). As the ALJ discredited Plaintiff's pain testimony, the court's task is to evaluate the ALJ's stated reasons for his decision in order to determine if they are supported by substantial evidence. *Dyer*, 395 F.3d at 1210. A review of the record convinces the court that they are.

The ALJ found that (1) Plaintiff's testimony is not consistent with the medical evidence nor the opinions of her medical treating and consulting sources, and (2) repeated examinations of Plaintiff found no evidence to support her allegations of chronic diarrhea or disabling neck and back pain. (Tr. 20). Plaintiff testified that she has diarrhea "real bad" and even if she takes a sip of water, she goes to the bathroom at least six times after that. (Tr. 466). This testimony is unsupported by the record. The only time Plaintiff has complained of chronic diarrhea was six days post-surgery and while being examined by the State agency medical expert. (Tr. 243, 268). Further, when Plaintiff was referred by Dr. Murrell to Dr. Ugheoke for further GI work, she did not follow up or return to Dr. Murrell, suggesting an improvement in her condition following her March 2007 CT scan. (Tr. 20).

The record also does not support Plaintiff's allegation that disabling neck pain causes her to be unable to use a computer (because she cannot look up or down). As the record makes clear,

Plaintiff does have a history of lumbar fusions with hardware removal; nevertheless, in every instance after the removals Plaintiff did not experience (or, perhaps better stated, Plaintiff did not report experiencing) any significant symptoms. As the ALJ noted, Plaintiff has not seen a doctor on a regular basis and generally has not followed-up when instructed to do so. (Tr. 21, 22). This behavior and the fact that she has only sporadically sought treatment undermines her assertions here.

Plaintiff contends that her failures are due to her lack of insurance. (Pl.'s Mem. 9). Although the ALJ did not expressly address Plaintiff's lack of insurance in his decision, the extensive medical evidence that he did cite leads one to conclude that he looked to – and properly credited – actual medical evidence and did not place undue emphasis on the finding that Plaintiff did not have a consistent treating doctor.[3]

In explaining how to apply this circuit's pain standard, the Eleventh Circuit has held that if the ALJ "adequately explained his reasons [then] it [would be] reversible error for the district court to hold otherwise." *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002). The record shows that substantial evidence supports the ALJ's credibility findings. Where substantial evidence supports the Commissioner's determinations regarding Plaintiff's subjective complaints, including pain, this determination must be upheld. *See Foote v. Chater*, 67 F.3d 1553, 1662 (11th Cir. 1995) (an ALJ's clearly articulated credibility finding will not be disturbed

---

[3]Defendant's Brief in Support addresses a doctor's consultation for a cosmetic breast reduction. This portion of the medical record does not belong to Plaintiff and has been given no weight by this court.

when supported by substantial evidence). Here, the ALJ applied the correct legal standards and his findings are supported by substantial evidence.[4] Therefore, his decision is due to be affirmed.

## VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed, and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this ____26th____ day of September, 2011.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[4]"The [Commissioner], and not the court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly." *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).  Thus, even if this court disagrees with the ALJ's resolution of the factual issues, and would resolve those disputed factual issues differently, his decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole.  *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).